UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AFRICAN IMMIGRANT RIGHTS COUNCIL
17507 Wheat Fall Drive
Derwood MD 20855

    Plaintiff

v.                                                            Civil Action No. 25-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
5900 Capital Gateway Drive Mail Stop 220
Camp Springs MD 20588-0009

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a Freedom of Information Act [FOIA] case. USCIS has failed to respond to the same FOIA request from more than three persons. If three persons request the same record, the agency must make it available for public inspection in an electronic format, as mandated by 5 U.S.C. § 552(a)(2)(D)(ii).

    6 CFR § 5.2 provides that

    "Each component is responsible for determining which of its records are required to be made publicly available, as well as identifying additional records of interest to the public that are appropriate for public disclosure, and for posting and indexing such records. Each component shall ensure that posted records and indices are updated on an ongoing basis."

## JURISDICTION

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

1

## VENUE

3. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391, because the defendant USCIS is located here.

## PARTIES

4. Plaintiff African Immigrant Rights Council is a non profit organization whose mission is to facilitate legal status acquisition, offer educational resources, and ensure access to critical information through the Freedom of Information Act (FOIA). It is committed to advocating for the rights and well-being of African immigrants, fostering a community where everyone can thrive.

6. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency within the meaning of the FOIA and of 5 U.S.C. § 552(e). It is an agency within the meaning of 5 U.S.C. § 701(b)(1), It has the duty to respond to FOIA requests. It is in possession and/or control of the records requested by Plaintiff. The word "defendant" in this Complaint means USCIS.

## FACTS

THE REQUEST FROM PLAINTIFF AIRC

7. On July 19, 2024 USCIS received a request from African Immigrant Rights Council, [AIRC] and assigned Control Number COW 2024 005 369 to the request. USCIS sent a letter dated July 19, 2024 to AIRC, confirming the above details. That letter states: "Your request for a fee waiver has been granted."

8. AIRC requested :

The Affirmative Asylum Procedures Manual [AAPM] has "Appendices," including "other forms and templates," and LOCAL versions, used at the Arlington Asylum Office, as stated in the attached page, marked as Exhibit A. Please send us a copy of all of these records.

2

Exhibit A states: Where do you find these docs?
   AAPM Appendices
   Many other forms and templates are also found here
   Always use the LOCAL versions of forms when they are available.

THE REQUEST FROM LOUISE TRAUMA CENTER

9. On July 20, 2024 USCIS received a request from Louise Trauma Center, [LTC] and assigned Control Number COW 2024 005 414 to the request. USCIS sent a letter dated July 22, 2024 to LTC, confirming the above details. That letter states: "Your request for a fee waiver has been granted."

10. The LTC request is the same as the request of Plaintiff.

THE REQUEST FROM NADINE ABISSI

11. On July 23, 2024 USCIS received a request from Nadine Abissi, and assigned Control Number COW 2024 005 464 to the request. USCIS sent a letter dated July 25, 2024 to Ms. Abissi, confirming the above details.

12. The request of Ms. Abissi is the same as the request of Plaintiff.

THE REQUEST FROM FREE BURMA SOCIETY

13. On July 22, 2024 USCIS received a request from Free Burma Society [[FBS], and assigned Control Number COW 2024 005 440 to the request. USCIS sent a letter dated July 25, 2024 to FBS, confirming the above details. That letter states: "Your request for a fee waiver has been granted."

14. The FBS request is the same as the request of Plaintiff.

15. Since receiving these requests, USCIS has done nothing.

**FIRST CAUSE OF ACTION: Release to Plaintiff**

16. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

17. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 C.F.R. § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by 5 U.S.C. § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by 5 U.S.C. § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 (c).

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c)

i] to provide any of the records to the requester.

18. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

19. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

20. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

21. Plaintiff has exhausted all necessary administrative remedies.

### SECOND CAUSE OF ACTION: Duty to make available for public inspection

22. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

23. The "Appendices" requested by Plaintiff have been requested 3 or more times. Therefore, Defendant has the duty to "make available for public inspection in an electronic format" the record that plaintiff requested, as mandated by 5 U.S.C. § 552(a)(2)(D)(ii).

24.  5 U.S.C. § 552(a)(2) provides that "Each agency shall make available to the public information as follows ... .Each agency, in accordance with published rules, shall make available for public inspection in an electronic format… "

25. 5 U.S.C. § 552(a)(2)(D) provides that "Each agency shall make available to the public:

**(D)** copies of all records, regardless of form or format—**(i)**that have been released to any person under paragraph (3); and **(ii)(I)**that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or **(II)**that have been requested 3 or more times."

26. On July 24, 2025, USICS published this on the first page of its ELECTRONIC READING ROOM:

The USCIS Electronic Reading Room provides access to information identified under the Freedom of Information Act (FOIA). We will update the Electronic Reading Room when documents are requested 3 or more times, or when we proactively identify documents likely requested for release.

5

27. USCIS still publishes the information referred to in the above paragraph in the same place.

28. Defendant has failed to comply with § 552(a)(2)(D)(ii), 6 C.F.R. § 5, and its own statements..

**THIRD CAUSE OF ACTION: Duty to post an announcement in Reading Room**

29. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

30. 6 CFR § 5.2 provides that

"Each component is responsible for determining which of its records are required to be made publicly available, as well as identifying additional records of interest to the public that are appropriate for public disclosure, and for posting and indexing such records. Each component shall ensure that posted records and indices are updated on an ongoing basis."

31. USICS published this on the first page of its ELECTRONIC READING ROOM:

The USCIS Electronic Reading Room provides access to information identified under the Freedom of Information Act (FOIA). We will update the Electronic Reading Room when documents are requested 3 or more times, or when we proactively identify documents likely requested for release.

32. USCIS regularly posts announcements of new additions to its Reading Room. As of July 24, 2025, page one of the Reading Room informs the public of these documents:

Temporary (Nonimmigrant) Workers

April 24, 2025

Credible Fear Procedures Manual (PDF, 701.64 KB)

April 02, 2025

Reasonable Fear Procedures Manual (PDF, 518.63 KB)

April 02, 2025

Administrative Hold on All USCIS Benefit Requests Filed by Parolees Under U4U, CHNV or FRP (PDF, 227.91 KB)

February 14, 2025

34. USCIS has the duty to notify the public on the first page of its Reading Room that the results of Plaintiff's request have been placed in the Reading Room.

35. USCIS has the duty to post and index in its Reading Room that the results of Plaintiff's request have been placed in the Reading Room.

### PRAYER FOR RELIEF

36.  WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

37. Order defendant to promptly disclose all of the requested records;
38. Declare that defendant's inaction and actions violate the FOIA;
39. Order defendant to publish the record in an electronic format and make it available for public inspection;
40. Order defendant to  the duty to notify the public on the first page of its Reading Room that the  results of Plaintiff's request have been placed in the Reading Room, and/or to make appropriate posting and indexing.
41. Award plaintiff reasonable attorney fees and costs pursuant to
    5 U.S. C. §552(a) (4) (E); and
42. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
Maryland Bar # 13559
*Pro bono* Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>